```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
DERRICK ALLEN,                  )
                                )
          Plaintiff,            )
                                )
                                )       1:19cv992
     v.                         )
                                )
KINGWOOD APARTMENTS, et al.,    )
                                )
          Defendants.           )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

**LEGAL STANDARD**

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with

filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

## BACKGROUND

Asserting claims under "42 U.S.C. § 1983" for "infringe[ment] of [his] federal reporting rights in accordance with [T]itle 15[, U]nited [S]tates [C]ode[, S]ection 1681," and in "violat[ion of his] 7th [A]mendment [rights]" (Docket Entry 2 at 4), Plaintiff initiated this action against eight defendants: (1) "Kingwood [A]partments;" (2) "Ian Del Toro" ("Defendant Del Toro"); (3) "GSC;" (4) "Ms. Shannon Brumment" ("Defendant Brumment"); (5) Ms. Susan Davis ("Defendant Davis"); (6) "Jon Perel" ("Defendant Perel"); (7) "Mr. G. Terry Meyers" ("Defendant Meyers"); and (8) "Donna Griffin" ("Defendant Griffin") (id. at 1-

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

3).[2]  The Complaint's statement of claim states in its entirety that, "[Plaintiff] was denied [his s]creening report in accordance [with] federal law[]." (Id. at 5.)

In addition, the Complaint states the following as the basis for asserting claims under Section 1983:

> [A r]eceptionist [] infringed [Plaintiff's] federal reporting rights in accordance with [T]itle 15[, U]nited [S]tates [C]ode[, S]ection 1681, to challenge inaccurate information derived from third party reporting agencies and/or Trans-union, Experian, and [Equifax] by not emailing or mailing [Plaintiff his] screening report and/or not making [his] screening report readily available for []dispute [purposes] in accordance with [the] Fair Credit Reporting Act [(the "FCRA")]. Furthermore, [Plaintiff] paid $150.00 [including a] $50.00 application fee and [a] $100.00 holding . . . fee, which violates [Plaintiff's] 7th [A]mendment [rights] . . . when the value in controversy exceeds $20.00 the right to jury trial shall be p[re]served . . . .  It was communicated to [Plaintiff] that application fee[s] were non-refundable[; however ] holding fee[s] are refundable and [Plaintiff has] not received a refund.

---

[2] Although the Complaint includes all Defendants its caption, it fails to include all Defendants in its list of Defendants. (Compare Docket Entry 2 at 1, with id. at 2-3.)  Further, aside from Kingwood Apartments and "staff," the Complaint does not make any specific allegations against any other Defendant. (See id. at 1-7.)  Thus, the Complaint fails to establish a Section 1983 claim against Defendants GSC, Del Toro, Brumment, Davis, Perel, Meyers, and/or Griffin due to the lack of factual matter suggesting that any of those Defendants violated Plaintiff's federal constitutional or statutory rights. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49 (1999) (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a claim under Section 1983); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights.").

-4-

>     . . . .
>
>     The above[-]mentioned individuals are proxies and/or overseers of Kingwood [A]partments and the staff was acting under color of law when [Plaintiff] filled out a paper application at [K]ingwood [A]partments in Chapel [H]ill on 09/21/2019 and paid $150.00 using [Plaintiff's] debit card . . . . However, [a]ll [F]air [C]redit reporting rights were violated when [Plaintiff] did not receive a denial letter and [K]ingwood staff refused to issue [Plaintiff a] screening report in accordance with [federal l]aw.

(Id. at 4.) The Complaint further asserts that Plaintiff sustained "[n]o injuries" (id. at 5) and requests "compensat[ion] for [] mental anguish and punitive damages in accordance with federal law" (id. at 6).

## DISCUSSION

### I. No State Action

As an initial matter, to state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).[3] "A person acts under color of state law only when

---

[3] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities
>
> (continued...)

exercising 'power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Bailey v. Prince George's Cnty., 34 F. Supp. 2d 1025, 1026 (D. Md. 1999) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Put another way, "[t]he person charged [under Section 1983] must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999); see also Bailey, 34 F. Supp. 2d at 1026 ("The alleged infringement of federal rights must be fairly attributable to the state." (citing Rendell–Baker v. Kohn, 457 U.S. 830 (1982))).

Further, "with respect to pleading requirements, [c]onclusory allegations that [a party] acted under color of state law will not suffice." Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 648 (M.D.N.C. 2004) (internal citations omitted). Here, Plaintiff asserts claims against two private companies, Kingwood Apartments and GSC, and six individuals, Defendants Del Toro, Brumment, Davis, Perel, Meyers, and Griffin. (Docket Entry 2 at 2-3.) The Complaint alleges that

---

³(...continued)
    secured by the Constitution and laws, shall be liable to
    the party injured in an action at law, suit in equity, or
    other proper proceeding for redress[.]

42 U.S.C. § 1983.

Defendant Del Toro serves as an employee of Kingwood Apartments (see id. at 2), and that Defendant Brumment serves as an employee of GSC (see id. at 3; see also id. at 1–7 (lacking any factual allegations as to Defendants Davis, Perel, Meyers, and Griffin)). The Complaint contains no factual matter suggesting that any Defendant (1) works as a state official, (2) acted in concert with a state official, or (3) violated Plaintiff's rights under compulsion of a state official. (See id. at 1–7.)

In other words, the Complaint does not allege factual matter establishing state action. See DeBauche, 191 F.3d at 507 (explaining that "private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action"). The Complaint's Section 1983 claim therefore fails as a matter of law. See American Mfrs. Mut. Ins. Co., 526 U.S. at 50 (holding that Section 1983's under-color-of-state-law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted)).

Accordingly, the Court should dismiss all Section 1983 claims against all Defendants for failure to state a claim.

## II. 15 U.S.C. § 1681 Claims

The Complaint's overarching allegations refer to Plaintiff's "federal reporting rights" which were "infringed . . . in accordance with [T]itle 15[, U]nited [S]tates [C]ode[, S]ection

-7-

1681" (Docket Entry 2 at 4), in that Defendants failed to "mak[e Plaintiff's] screening report readily available for [] dispute [purposes] in accordance with [the FCRA]" (id.). Here, the Complaint's allegations appear to invoke the statutory requirements underlying the "duties of users taking adverse actions on basis of information contained in consumer reports," 15 U.S.C. § 1681m(a). Any such claims fail as a matter of law for several reasons.

First, no private right of action exists under Section 1681m. Section 1681m(h)(8) states that, "[t]his section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section." 15 U.S.C. § 1681m(h)(8)(B). "Virtually every federal district court and the only federal court of appeals to interpret [Section] 1681m(h)(8) has found it to be clear and unambiguous: the word 'section' means 'section,' and thus no private right of action exists for violations of [S]ection 1681m in its entirety." Bourdelais v. J.P. Morgan Chase Bank, N.A., No. 3:10CV670, 2011 WL 1306311, at *6 (E.D. Va. Apr. 1, 2011) (unpublished) (internal citations omitted) (emphasis added) ("agree[ing] with the overwhelming weight of authority holding that the phrase 'this section' in [Section] 1681m(h)(8) refers to [S]ection 1681m in its entirety, and thus no private right of action to enforce [S]ection 1681m exists").

Alternatively, the Complaint fails to plead sufficient allegations for entitlement to damages under Section 1681n and

-8-

Section 1681o. As it relates to this matter, Section 1681n provides for actual or statutory damages and punitive damages. See 15 U.S.C. § 1681n(a). In addition, Section 1681o(a) provides for actual damages. See 15 U.S.C. § 1681o(a). However, "[t]he FCRA permits a plaintiff to recover for a violation of the statute only when a defendant acted either negligently or willfully in violating the statute's requirements." Martin v. Fair Collections & Outsourcing, Inc., Civ. No. 14-3191, 2015 WL 4064970, at *4 (D. Md. June 30, 2015) (unpublished) (citing Section 1681o(a)(1) and Section 1681n(a)(1)(A)). "Without negligent or willful misconduct, the FCRA does not provide for any recovery." Id.

Here, although the Complaint requests "to be compensated for [] mental anguish and punitive damages" (Docket Entry 2 at 6), the Complaint fails to allege factual matter showing that any Defendant acted in a willful or negligent manner. (See id. at 1-7.) As a result, Plaintiff cannot recover actual, statutory, or punitive damages under Section 1681n(a). In addition, the Complaint admits that Plaintiff sustained "[n]o injuries." (Id. at 5.) As such, Plaintiff cannot recover actual damages under Section 1681o(a).

Lastly, to the extent the Complaint attempts to assert a claim under 15 U.S.C. § 1681d, that attempt also fails as a matter of law. The Complaint alleges that Plaintiff "was denied [his s]creening report in accordance [with] federal law[]." (Docket Entry 2 at 5.) According to Section 1681d(b),

-9-

> [a]ny person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure . . . make a complete and accurate disclosure of the nature and scope of investigation requested. . . .

15 U.S.C. § 1681d(b). Notably, those disclosure procedures relate only to an "investigative consumer report," defined as follows:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through <u>personal interviews</u> with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information. . . .

15 U.S.C. § 1681a(e) (emphasis added).

Here, the Complaint does not allege the preparation of any such report "obtained through personal interviews." (<u>See</u> Docket Entry 2 at 1-7.) To the contrary, the Complaint alleges that the "inaccurate information [was] derived from third party reporting agencies and/or Trans[]union, Experian, and [Equifax]." (<u>Id.</u> at 4.) Accordingly, "[b]ecause none of [P]laintiff's allegations concern the disclosure of an 'investigative consumer report,' he has failed to state a claim for a violation of [Section] 1681d." <u>Butler v. Equifax Info. Servs., LLC</u>, No. 3:17cv422, 2018 WL 5986534, at *3 (N.D. Fla. Oct. 12, 2018) (unpublished) (citing Section 1681a(e)), <u>recommendation adopted</u>, 2018 WL 5981841 (N.D. Fla. Nov. 14, 2018) (unpublished).

## CONCLUSION

In sum, Defendants do not qualify as "state actors" subject to suit under Section 1983, and the Complaint's allegations do not state a viable claim under any provision of the FCRA, including Sections 1681d, 1681m, 1681n, or 1681o.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

September 22, 2021